# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**AMY MONTGOMERY,**
**Claimant Below, Petitioner**

**vs.) No. 23-ICA-225**   (JCN: 2021020292)

**AMTOWER AUTO SUPPLY, INC.,**
**Employer Below, Respondent**

**FILED**
**December 27, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Amy Montgomery appeals the May 1, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Amtower Auto Supply, Inc. ("Amtower") filed a response.[1] Ms. Montgomery did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which denied the addition of a disc bulge at L5-S1 and lumbar radiculopathy as compensable conditions in the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the Board's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the Board's decision is affirmed in part, reversed in part, and this case is remanded for further proceedings consistent with this decision.

Ms. Montgomery sustained a compensable back injury on March 31, 2021, while employed by Amtower, when she lifted a box containing display materials. Ms. Montgomery reported back pain without numbness or tingling. The report of occupational injury identified the diagnosis as a lumbar muscle strain. On the same day, Ms. Montgomery underwent a lumbosacral spine x-ray, revealing no acute abnormality. The claim administrator issued an order dated May 7, 2021, which held the claim compensable for lumbar strain.

Prior to the compensable injury, from April 11, 2017, to July 24, 2017, Ms. Montgomery received chiropractic care due to occasional episodes of cervical neck pain

---

[1] Ms. Montgomery is represented by J. Thomas Greene, Jr., Esq., and T. Colin Greene, Esq. Amtower is represented by Jeffrey B. Brannon, Esq.

and lower back pain. Sandra Cunningham, D.C., diagnosed Ms. Montgomery with cervicalgia; segmental and somatic dysfunction of the cervical region; segmental and somatic dysfunction of the thoracic region; thoracic pain; low back pain; and segmental and somatic dysfunction sacral region. Dr. Cunningham performed chiropractic adjustments on Ms. Montgomery on multiple occasions. From November 21, 2017, to October 6, 2020, Ms. Montgomery was seen by Andrea King, FNP, for back pain. Ms. Montgomery reported mild discomfort in her lower back without numbness, tingling, or radiculopathy.

On September 15, 2021, Ms. Montgomery underwent an MRI of the lumbosacral region, revealing mild intravertebral disc disease and degenerative changes, with disc herniation at L5-S1 and no neural foraminal or central canal stenosis. Ms. Montgomery was seen by Rachel Gregis, FNP on September 20, 2021. Ms. Gregis diagnosed Ms. Montgomery with strain of lumbar region, lumbar radiculopathy, and lumbar disc herniation.

From September 23, 2021, to May 5, 2022, Ms. Montgomery was seen by Ms. King several times. Ms. King diagnosed Ms. Montgomery with lumbar strain, lower backache, herniated disc at L5-S1, and lumbosacral radiculopathy. The visit notes from May 5, 2022, indicated that Ms. Montgomery had reinjured her back two weeks prior to the visit.

On May 23, 2022, Joseph Grady, M.D., performed an independent medical examination on Ms. Montgomery. Dr. Grady diagnosed Ms. Montgomery with a lumbosacral sprain and strain superimposed on preexisting degenerative changes. Dr. Grady found Ms. Montgomery to be at maximum medical improvement for her lumbar strain and opined that she had no work restrictions.

Ms. King submitted a Diagnosis Update form on July 11, 2022, requesting that herniated disc at L5-S1 and radiculopathy of the lumbosacral region be added to the claim as compensable conditions. Ms. King indicated on the form that Ms. Montgomery had no complaints of back pain, radiculopathy, or weakness prior to the compensable injury. The claim administrator issued an order dated July 21, 2022, which denied the addition of herniated disc at L5-S1 and radiculopathy of the lumbosacral region to the claim as compensable conditions based on Dr. Grady's report.

On May 1, 2023, the Board affirmed the claim administrator's order, which denied the addition of disc bulge and lumbar radiculopathy as compensable conditions in the claim. The Board found that those diagnoses are unrelated to the compensable injury. Ms. Montgomery now appeals the Board's order. [2]

---

[2] The claim administrator's July 21, 2022, order also denied the addition of lumbar strain as a compensable condition, however, lumbar strain had been previously held compensable, which was noted by the Board.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Ms. Montgomery argues that no medical evidence establishes that her disc bulges or radiculopathy preexisted the compensable injury. Ms. Montgomery further argued that both conditions were only diagnosed after the compensable injury and, thus, the Board should have concluded that they were caused by the compensable injury. We agree with Ms. Montgomery's argument regarding radiculopathy.

In *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016), the Supreme Court of Appeals of West Virginia held:

> [a] noncompensable preexisting injury may not be added as a compensable component of a claim for workers' compensation medical benefits merely because it may have been aggravated by a compensable injury. To the extent that the aggravation of a noncompensable preexisting injury results in a [discrete] new injury, that new injury may be found compensable.

*Gill* at 738, 783 S.E.2d at 858, syl. pt. 3.

In *Moore v. ICG Tygart Valley, LLC,* 247 W. Va. 292, 879 S.E.2d 779 (2022), the Supreme Court clarified its position, holding, "[a] claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the

3

symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards." *Moore* at 294, 879 S.E.2d at 781, syl. pt. 5.

This Court held in *Blackhawk Mining, LLC, v. Argabright*, __ W. Va. __, __ S.E.2d__, 2023 WL 3167476, at *3 (2023), that although a preexisting injury may be aggravated or exacerbated by a discrete new injury, the preexisting injury itself does not become a compensable injury; only the discrete new injury can be held compensable.

Here, the Board found that Ms. Montgomery has had well documented back pain since 2017 for which she received chiropractic treatment. Therefore, the Board found that the *Moore* presumption had been rebutted for the diagnoses of radiculopathy and disc bulge at L5-S1. The Board further found that the diagnoses of radiculopathy and disc bulge at L5-S1 were unrelated to the compensable injury in the claim.

Upon review, we conclude that the Board was not clearly wrong in finding that Ms. Montgomery's disc bulge at L5-S1 was unrelated to the compensable injury. Although there is no medical evidence that Ms. Montgomery was diagnosed with a disc bulge prior to the compensable injury, she did suffer chronic back pain in the lumbar region. We find that the Board did not err in determining that the *Moore* presumption had been rebutted in regard to Ms. Montgomery's disc bulges due to her chronic back pain and her diagnosis of degenerative disc disease.

However, we find that the Board was clearly wrong in finding that the *Moore* presumption had been rebutted in regard to the diagnosis of lumbar radiculopathy based on general complaints of back pain. We note that radiculopathy is a condition that is distinct from mere pain and can cause the numbness that Ms. Montgomery only experienced after the injury. The Board itself found that there is no evidence that Ms. Montgomery had experienced the symptoms of radiculopathy or received treatment for radiculopathy prior to the compensable injury. Thus, the Board was clearly wrong in finding that radiculopathy was not related to the compensable condition.

Accordingly, we affirm in part, and reverse in part, the Board's May 1, 2023, order.

Affirmed in part, and
Reversed in part.

**ISSUED:** December 27, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge Thomas E. Scarr

4